IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. <u>2:24cr44</u>

DANNY BETHEA

## <u>ANDREW M. SACKS, ESQUIRE'S DISCLOSURE OF FEE INFORMATION</u>

COMES NOW Andrew M. Sacks, Esquire, presently counsel of record to the defendant, and respectfully discloses the following information directed by the Court, to-wit:

### <u>INTRODUCTION</u>

By Order dated June 7, 2024, the Court directed undersigned counsel to provide it "with written documentation of (1) the fee he received for this case; (2) an accounting of how fees have been earned thus far; and (3) the amount of money he has refunded or will refund to Mr. Bethea."

In connection with the Court's directive, the undersigned counsel has carefully reviewed: (1) the Norfolk General District Court file regarding Mr. Bethea's state Court charges; (2) the docket entries in the instant federal matter; (3) counsel's own file in connection with Mr. Bethea's matters; and (4) accounting information provided to counsel by his office bookkeeping staff.

After reviewing the above files and information, counsel respectfully submits that a refund in the amount of $2,250.00 is appropriate, and respectfully represents to the Court that such refund will be furnished forthwith.

Counsel respectfully responds more specifically below to the Court's three (3) inquiries.

1

## DISCLOSURES

### I.

### THE FEE RECEIVED FOR THIS CASE.

Counsel has received a total in fees of $4,750.00, representing $3,250.00 in connection with the Norfolk state Court case, and an additional $1,500.00 in connection with the instant federal matter.

### Discussion

On November 22, 2023, the defendant was arrested on seven (7) felony charges pending in the Norfolk General District Court, including: (1) engaging in a continuing criminal enterprise in connection with methamphetamine (carrying a statutory penalty range of 20 years to life, 20 years of which is a mandatory minimum sentence); two charges alleging possession with intent to distribute a Schedule I or II controlled substance (second offenses) (each of which carries a statutory penalty of 5 years to life, with a mandatory minimum of 3 years on each); three charges alleging possession of a Schedule I or II controlled substance simultaneously with a firearm (each of which carries a statutory maximum of up to 5 years); and possession of a firearm after having been convicted of a felony more than 10 years prior (carrying a statutory penalty range of up to 5 years).

Accordingly, the defendant's eventual potential sentencing exposure in the Norfolk Circuit Court as charged initially in the Norfolk General District Court included a possible 26-year mandatory minimum sentence.

The defendant was appointed the Office of the Public Defender as counsel.

On December 6, 2023, the defendant engaged the undersigned counsel as privately retained counsel, and undersigned counsel was substituted as new counsel of record by

2

Order of the General District Court entered on December 15, 2023.  Undersigned defense counsel represented the defendant in the General District Court from December 15, 2023 until April 8, 2024, on which date the Court granted the Commonwealth's motion to enter a *nolle prosequi* as to the charges in lieu of the preliminary hearing scheduled for that same date in light of the instant federal adoption.

On April 16, 2024, the defendant reengaged undersigned counsel as privately retained counsel in this Court in connection with the then-pending Criminal Complaint and anticipated subsequent Indictment.

Counsel and the defendant agreed upon a fee of $10,000 for the federal case.  However, inasmuch as the undersigned counsel learned somewhat early in the state Court case that the case would be adopted federally, and given that counsel began laying the groundwork for a hopefully satisfactory federal result even during the pendency of the state Court case, counsel advised the defendant that counsel would give the defendant credit against the federal fee for the $3,250.00 paid in the state Court.

Accordingly, taken together, the state Court fee of $3,250.00 and the additional $1,500.00 fee paid to counsel upon his reengagement on April 16 in this Court, results in a total receipt of $4,750.00.

II.

<u>AN ACCOUNTING OF HOW FEES HAVE BEEN EARNED THUS FAR.</u>

Again, after a careful and thorough review of the above-referenced sources of information discussed in the Introduction section of this submission, the undersigned defense counsel respectfully submits that he has expended approximately 14.4 hours of time in connection with the related state Court/federal prosecutions.  If measured against a

very reasonable market rate of $200/hour, such results in an earned fees thus far of $2,800.00.

However, in light of the proposed withdrawal of counsel, which motion was filed some 45 days after defense counsel was formally substituted as counsel of record by Order of this Court entered April 19,2024, and in an effort to be as accommodating as reasonably possible to the defendant and the process, defense counsel caps his earned fees at $2500.00, representing earned fees between the work in the related state Court case and the instant federal matter.

## Discussion

Defense counsel has carefully attempted to reconstruct his hours between the related state Court and federal prosecutions.

Defense counsel respectfully proffers the following accounting as a good faith estimate of hours worked:

1. **Court appearances**:

Defense counsel appeared in Court on behalf of the defendant during the related state Court prosecution on 4 separate occasions, including 3 appearances in the Norfolk Circuit Court in connection with defendant's appeal of his denial of bail in the General District Court, to-wit, on December 19, 2023, on January 23, 2024, and on February 21, 2024. Defense counsel also appeared in the Norfolk General District Court, Criminal Division, on April 8, 2024, the eventual date scheduled for the preliminary hearing, at which time the Commonwealth obtained the entry of a *nolle prosequi* as to the seven (7) state Court in light of the federal adoption.

Defense counsel also appeared in the federal Court on April 25, 2024, after

substituting in as retained federal counsel of record, in connection with the defendant's preliminary hearing and detention hearing. (The defendant waived his preliminary hearing, as well as his right to an immediate detention hearing).

Defense counsel estimates total hours expended in the preceeding five Court hearings to aggregate to 2 hours.

2. **In person meetings with client:**

Defense counsel has conducted six (6) in person conferences with the defendant during the course of the related state Court/federal prosecution, including on December 16, 2023 (Norfolk City Jail), December 19, 2023 (Norfolk Circuit Court secure attorney-client conference room), January 22, 2024 (Norfolk City Jail), January 23, 2024 (Norfolk Circuit Court secure attorney-client conference room), April 25, 2024 (federal Marshal's secure attorney-client meeting room), and on May 19, 2024 (Western Tidewater Regional Jail).

In addition, the defendant has communicated frequently and often with defense counsel through a female benefactor, who remitted all of the fees on defendant's behalf (except the last $800 remitted by a second female benefactor). The first benefactor, referred to herein as "Jane Doe 1" to preserve confidentiality for the defendant, was authorized by defendant to communicate openly and freely about the case on defendant's behalf with defense counsel.

On Saturday, February 4, 2024, defense counsel met with Jane Doe 1 at his office in Norfolk to further discuss the case on behalf of the defendant.

It should also be noted that on December 15, 2023, defense counsel traveled to the Norfolk City Jail to meet with the defendant in the video visitation center but due to a power outage in the defendant's area of the jail, no video conference could occur and counsel

returned the next day on December 16.

Excluding the time expended in the above-referenced Circuit Court secure conference room meetings (in connection with bail appeal hearings), which time is already included in the earlier Circuit Court appearance time estimates discussed above, defense counsel estimates a total hours expended of two (2) hours in the aforementioned conferences.

3. <u>Telephone communications with defendant and/or Jane Doe 1:</u>

Defense counsel encourages his criminal defense clients to communicate with him by telephone as frequently as possible, including through counsel's office or on his cell phone (which number is printed on his business card and which number is routinely shared with clients, including in custody). Defense counsel respectfully represents that Mr. Bethea was a very frequent and prolific caller by phone throughout the representation periods in both state and federal Courts.  The calls were too numerous to notate individually, but counsel respectfully estimates, on a very conservative basis, at least 30 telephone calls with the defendant over the course of the representation, including a series of back-to-back calls, shortly before the defendant expressed a desire for the Federal Public Defender, which series aggregated to approximately 1.5 hours. Many of the calls were of longer duration, but using, again, a very conservative estimate of the length of time of calls, other than the longer one just referenced, an average of 10 minutes per call would be reasonable for an aggregate total of approximately 6.5 hours of telephone communication between defense counsel and Mr. Bethea regarding this case.

In addition, as alluded to above, defense counsel had frequent communications by telephone with Jane Doe 1 on behalf of the defendant.  Again, defense counsel would conservatively estimate at least 15 calls with her, again at a conservative estimate of an

average duration of 5 minutes, yielding an approximate estimate of 1.4 hours expended,

    4.    **Other relevant telephone communications:**

During the course of counsel's representation of Mr. Bethea in the state Court/federal prosecutions, counsel conferred by telephone with other relevant persons on behalf of the defendant, including the Assistant Commonwealth's Attorney prosecuting the state case, with the Assistant United States Attorney prosecuting the federal case, and Ms. Katchmar to whom counsel reached out several times during the representation to discuss Mr. Bethea's case.  A conservative estimate of the total time in connection with these various telephone calls would be 1 hour.

    5.    **Preparation of pleadings/ review of Government filings/review of proposed Government plea documents**.

Defense counsel also filed various pleadings and notices in the state Court case as well as in the federal matter.  Counsel also reviewed Government filings, including the Criminal Complaint, and the Indictment.  During the course of counsel's federal representation of the defendant, counsel secured from the Government a comprehensive and detailed proposed plea package, including a proposed Plea Agreement, proposed Criminal Information, and a four-page plus proposed statement of Facts, as well as a detailed and comprehensive letter from the Government explaining the plea offer and various important considerations in connection therewith. Defense counsel, of course, carefully reviewed the plea package in particular (and discussed same with the defendant).

Defense counsel conservatively estimates that the time expended in preparing various pleadings, reviewing Government filings, and reviewing the proposed plea package would be 1.5 hours.

Aggregating the foregoing various time categories results in a conservative, good faith estimate of hours worked between the related state Court/federal prosecutions of 14.4 hours. Measured against a very reasonable market rate, as suggested above, of $200/hour, would yield of a proposed earned fee as of time of the filing of the proposed motion to withdraw of $2,880.

### III.

### THE AMOUNT OF MONEY COUNSEL WILL REFUND TO MR. BETHEA.

Defense counsel will round down to $2,500.00 the earned fees.

Based on all of the foregoing, and in light of the early proposed withdrawal of counsel, the difference between the fees received of $4,750 and the earned fees of $2,500 results in an intended refund to Mr. Bethea of $2,550.00. This refund will be provided in appropriate amounts to the two benefactors who paid fees on behalf of Mr. Bethea.

Respectfully submitted,

/s/
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Danny Bethea
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Sherrie Capotosto, Esquire
Assistant United States Attorney
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510-1624
Phone: 757-441-6331
Fax: 757-441-6689
E-mail: Sherrie.Capotosto@usdoj.gov

                                                  /s/
                                  Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Danny Bethea
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\BETHEA Danny\FEDERAL CASE\Brief.MotWithdraw.6 3 2024.doc