

# Proposed Amendments to the Sentencing Guidelines (Preliminary)

## December 19, 2024

This document collects the proposed amendments to the sentencing guidelines, policy statements, and commentary, in the "reader-friendly" form in which they were made available at the public meeting on December 19, 2024. As with all proposed amendments on which a vote to publish for comment has been made but not yet officially submitted to the Federal Register for formal publication, authority to make technical and conforming changes may be exercised and motions to reconsider may be made. Once submitted to the Federal Register, official text of the proposed amendments as submitted will be posted on the Commission's website at www.ussc.gov and will be available in a forthcoming edition of the Federal Register. In addition, an updated "reader-friendly" version of the proposed amendments as submitted will be posted on the Commission's website at www.ussc.gov.

The proposed amendments and issues for comment will be subject to a public comment period running through **February 3, 2025**, and a reply comment period running through **February 18, 2025**. Comments during the reply phase are limited to issues raised in the original comment period. Public comment received after the close of the comment period may not be considered. Further information on the submission of public comment will be provided in the forthcoming edition of the Federal Register referred to above. Such information will also be available at www.ussc.gov.

**Government Exhibit 1**

# PROPOSED AMENDMENTS

1. **CAREER OFFENDER**

2. **FIREARMS OFFENSES**

3. **CIRCUIT CONFLICTS**

4. **SIMPLIFICATION OF THREE-STEP PROCESS**

## SUPPLEMENTARY INFORMATION

Publication of a proposed amendment requires the affirmative vote of at least three voting members of the Commission and is deemed to be a request for public comment on the proposed amendment. *See* Rules 2.2 and 4.4 of the Commission's Rules of Practice and Procedure. In contrast, the affirmative vote of at least four voting members is required to promulgate an amendment and submit it to Congress. *See* Rule 2.2; 28 U.S.C. § 994(p).

The proposed amendments in this document are presented in one of two formats. First, some of the amendments are proposed as specific revisions to a guideline or commentary. Bracketed text within a proposed amendment indicates a heightened interest on the Commission's part in comment and suggestions regarding alternative policy choices; for example, a proposed enhancement of [2][4][6] levels indicates that the Commission is considering, and invites comment on, alternative policy choices regarding the appropriate level of enhancement. Similarly, bracketed text within a specific offense characteristic or application note means that the Commission specifically invites comment on whether the proposed provision is appropriate. Second, the Commission has highlighted certain issues for comment and invites suggestions on how the Commission should respond to those issues.

In addition to the issues for comment set forth in the proposed amendments, the Commission requests public comment regarding whether, pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), any proposed amendment published in this document should be included in subsection (d) of §1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)) as an amendment that may be applied retroactively to previously sentenced defendants. The Commission lists in §1B1.10(d) the specific guideline amendments that the court may apply retroactively under 18 U.S.C. § 3582(c)(2). The background commentary to §1B1.10 lists the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under §1B1.10(b) as among the factors the Commission considers in selecting the amendments included in §1B1.10(d). To the extent practicable, public comment should address each of these factors.

## PROPOSED AMENDMENT: CAREER OFFENDER

**Synopsis of Proposed Amendment:** In August 2024, the Commission identified as one of its policy priorities for the amendment cycle ending May 1, 2025, "[s]implifying the guidelines and clarifying their role in sentencing," including "revising the 'categorical approach' for purposes of the career offender guideline." U.S. Sent'g Comm'n, "Notice of Final Priorities," 89 FR 66176 (Aug. 14, 2024).

The proposed amendment addresses recurrent criticism of the categorical approach and modified categorical approach, which courts have applied in the context of §4B1.1 (Career Offender). It would eliminate the categorical approach when determining whether an offense qualifies as a crime of violence by providing a definition for "crime of violence" that is based on a defendant's conduct and a definition of "controlled substance offense" that is limited to specific federal drug statutes. These changes are intended to correct some of the "odd" and "arbitrary" results that the categorical approach has produced relating to the "crime of violence" definition (*see, e.g., United States v. Davis*, 875 F.3d 592, 595 (11th Cir. 2017); *United States v. McCollum*, 885 F.3d 300, 309–14 (4th Cir. 2018) (Traxler, J., concurring); *id.* (Wilkinson, J., dissenting)), and to provide a definition of "controlled substance offense" that is based on enumerated federal drug trafficking offenses.

### *The Categorical Approach as Developed by Supreme Court Jurisprudence*

Several statutes and guidelines provide enhanced penalties for defendants convicted of offenses that meet the definition of a particular category of crimes. Courts typically determine whether a conviction fits within the definition of a particular category of crimes through the application of the "categorical approach" and "modified categorical approach," as set forth by Supreme Court jurisprudence. The categorical and modified categorical approaches require courts to look only to the elements of the offense, rather than the particular facts underlying the conviction, to determine whether the offense meets the definition of a particular category of crimes. In applying the modified categorical approach, courts may look to certain additional sources of information, now commonly referred to as the "*Shepard* documents," to determine the elements of the offense of conviction. *See* Taylor v. United States, 495 U.S. 575 (1990) (holding that, under the "categorical approach," courts must compare the elements of the offense as described in the statute of conviction to the elements of the applicable definition of a particular category of crimes to determine if such offense criminalizes the same or a narrower range of conduct than the definition captures in order to serve as a predicate offense); Shepard v. United States, 544 U.S. 13 (2005) (holding that courts may use a "modified categorical approach" in cases where the statute of conviction is "overbroad," that is, the statute contains multiple offenses with different offense elements).

### *Application of the Categorical Approach in the Guidelines*

Supreme Court jurisprudence on this subject pertains to statutory provisions (*e.g.*, 18 U.S.C. § 924(e)), but courts have applied the categorical and modified categorical approaches to guideline provisions. For example, courts have used these approaches to determine if a conviction is a "crime of violence" or a "controlled substance offense" for purposes of applying the career offender guideline at §4B1.1.

Commission data indicates that of the 64,124 individuals sentenced in fiscal year 2023, 1,351 individuals (2.1%) were sentenced under the career offender guideline. While representing a relatively small portion of the federal caseload each year, the categorical approach continues to result in substantial litigation.

### *General Criticism of the Categorical Approach as Developed by Supreme Court Jurisprudence*

The Commission has received significant comment over the years regarding the complexity and limitations of the categorical approach, as developed by Supreme Court jurisprudence. Courts have criticized the categorical approach as a "legal fiction," in which an offense that a defendant commits violently is deemed to be a non-violent offense because other defendants at other times could have been convicted of violating the same statute without violence, often leading to "odd" and "arbitrary" results (*e.g.*, United States v. Davis, 875 F.3d 592, 595 (11th Cir. 2017); United States v. McCollum, 885 F.3d 300, 309–14 (4th Cir. 2018) (Traxler, J., concurring); *id.* (Wilkinson, J., dissenting)).

### *Feedback from Stakeholders*

The Commission has also received input at roundtable discussions with several stakeholders with diverse perspective and expertise within the criminal justice system. Many stakeholders suggested that the Commission should eliminate the categorical approach to capture violent offenses that are currently excluded while also narrowing the scope of the "controlled substance offense" definition, particularly its reach over predicate offenses. Many stakeholders also recommend that the definition of "controlled substance offense" should only cover federal drug offenses and exclude prior state drug offenses for purposes of the career offender guideline.

Many stakeholders have remarked that the Commission should limit the number of qualifying prior offenses overall for purposes the career offender guideline. Some stakeholders suggested that the Commission should condition which convictions qualify as predicate offenses by establishing a minimum sentence length threshold.

### *Proposed Changes to §4B1.2*

The proposed amendment would amend §4B1.2 in several ways.

First, the proposed amendment would move the definition of "controlled substance offense" from subsection (b) to subsection (a). It would also revise the definition of "controlled substance offense" to exclude state drug offenses from the scope of its application by listing specific federal statutes relating to drug offenses. The proposed amendment lists the federal statutes that are controlled substance offenses under the current definition to maintain the status quo with respect to federal drug trafficking statutes. The federal drug trafficking statutes that do not appear in brackets are specifically referenced in the career offender directive at 28 U.S.C. § 994(h). The proposed amendment would also move to subsection (a) the provision currently located in Commentary to §4B1.2 stating that a violation of 18 U.S.C. § 924(c) or § 929(a) is a "controlled substance offense" if the offense of conviction established that the underlying offense was a "controlled substance offense."

2

Second, the proposed amendment would place all provisions related to "crime of violence" in subsection (b). It would define the term "crime of violence" based on the defendant's own offense conduct which, consistent with subsection (a)(1)(A) of §1B1.3 (Relevant Conduct), is the conduct that the defendant committed, aided or abetted, counseled, commanded, induced, procured, or willfully caused during the commission of the offense, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. It provides a list of types of qualifying conduct that includes a "force clause" at §4B1.2(b)(1)(A) (which closely tracks the language of current §4B1.2(a)(1) but would incorporate a parenthetical insert defining the term "physical force" as "force capable of causing physical pain or injury to another person") and provisions relating to conduct that would constitute certain specific offenses that currently qualify as a "crime of violence," such as forcible sex offenses, robbery, arson, and extortion. The proposed amendment would also include a provision at subsection (b)(2) that would allow certain inchoate offenses to still qualify as "crimes of violence." In addition, the proposed amendment would require the government to make a prima facie showing that an offense is a "crime of violence" by using only a specific list of sources of information from the record.

Third, the proposed amendment sets forth three options for setting a minimum sentence length requirement for a prior conviction to qualify as a "crime of violence" or "controlled substance offense." **Option 1** would limit qualifying prior convictions to only convictions that are counted separately under §4A1.1(a) [or (b)]. **Option 2** would limit qualifying prior convictions to only convictions that resulted in a sentence imposed of [five years][three years][one year] or more that are counted separately under §4A1.1(a) [or (b)]. Option 2 brackets the possibility of including a provision that provides that a conviction shall not qualify as a prior felony conviction under §4B1.2 if the defendant can establish that the conviction resulted in a sentence for which the defendant served less than [three years] [two years][six months] in prison. **Option 3** would limit qualifying prior convictions to only convictions that resulted in a sentence for which the defendant served [five years][three years][one year] or more in prison and that are counted under §4A1.1(a) [or (b)]. All three options include two suboptions. Suboption A in each option would set the minimum sentence length requirement for purposes of both "crime of violence" and "controlled substance offense." Suboption B in each option would set the minimum sentence length requirement for purposes of "crime of violence" only.

*Changes to Other Guidelines*

The current definitions of "crime of violence" and "controlled substance" at §4B1.2 are incorporated by reference in several other guidelines in the *Guidelines Manual*. The proposed amendment would maintain the status quo by amending the Commentary to these guidelines to incorporate the relevant part or parts of §4B1.2. The proposed amendment would make such changes to §2K1.3 (Unlawful Receipt, Possession, or Transportation of Explosive Materials; Prohibited Transactions Involving Explosive Materials), §2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition), §2S1.1 (Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived from Unlawful Activity), §4A1.2 (Definitions and Instructions for Computing

Criminal History), §4B1.4 (Armed Career Criminal), §5K2.17 (Semiautomatic Firearms Capable of Accepting Large Capacity Magazine (Policy Statement)), and §7B1.1 (Classification of Violations (Policy Statement)).

Issues for comment are also provided.

**Proposed Amendment:**

### §4B1.2. Definitions of Terms Used in Section 4B1.1

(~~b~~a) CONTROLLED SUBSTANCE OFFENSE.—

(1) DEFINITION.—The term "controlled substance offense" means an offense under 21 U.S.C. § 841, § 952(a), § 955, or § 959, or 46 U.S.C. § 70503(a) or § 70506(b), [or 21 U.S.C. § 843(a)(6), § 843(b), § 846 (if the object of the conspiracy or attempt was to commit an offense covered by this provision), § 856, § 860, § 960, or § 963 (if the object of the conspiracy or attempt was to commit an offense covered by this provision)].~~federal or state law, punishable by imprisonment for a term exceeding one year, that—~~

~~(1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or~~

~~(2) is an offense in conduct described in 46 U.S.C. § 70503(a) or § 70506(b).~~

(2) ADDITIONAL CONSIDERATION.—{A violation of 18 U.S.C. § 924(c) or § 929(a) is ~~a "crime of violence" or~~ a "controlled substance offense" if the offense of conviction established that the underlying offense was ~~a "crime of violence" or~~ a "controlled substance offense"~~.~~ (Note that in the case of a prior 18 U.S.C. § 924(c) or § 929(a) conviction, if the defendant also was convicted of the underlying offense, the sentences for the two prior convictions will be treated as a single sentence under §4A1.2 (Definitions and Instructions for Computing Criminal History).)}*

(~~a~~b) CRIME OF VIOLENCE.—

(1) DEFINITION.—The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding

---

\* The text in braces currently appears in Application Note 1 of the Commentary to §4B1.2. The proposed amendment would place the text here with the changes shown in revision marks.

4

one year, ~~that~~ in which the defendant engaged in any of the following conduct:

(~~1~~A) ~~has as an element the~~ The use, attempted use, or threatened use of physical force (*i.e.*, force capable of causing physical pain or injury to another person) against the person of another~~; or~~.

(2) ~~is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).~~

(B) A sexual act with a person where the person does not consent or gives consent that is not legally valid (such as involuntary, incompetent, or coerced consent). However, conduct constituting sexual abuse of a minor and statutory rape is included only if the defendant engaged in conduct that constitutes (i) an offense described in 18 U.S.C. § 2241(c), or (ii) an offense under state law that would have been an offense under 18 U.S.C. § 2241(c) if the offense had occurred within the special maritime and territorial jurisdiction of the United States.

(C) The unlawful taking or obtaining of personal property from a person, or in the presence of a person, against the person's will by means of actual or threatened force (*i.e.*, force that is sufficient to overcome a victim's resistance), or violence, or fear of injury against: (i) the person, the property of such person, or property in the custody or possession of such person; (ii) a relative or family member of the person, or the property of such relative or family member; or (iii) anyone in the company of the person at the time of the taking or obtaining, or their property.

(D) The obtaining something of value from another by the wrongful use of (i) force, (ii) fear of physical injury, or (iii) threat of physical injury.

(E) The willful or malicious setting of fire to or burning of property; or

(F) The use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive materials as defined in 18 U.S.C. § 841(c).

(~~d~~2) COVERED INCHOATE OFFENSES ~~INCLUDED~~.—~~The terms "crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, attempting to commit, or conspiring to commit~~

5

~~any such offense~~An offense is a "crime of violence" if the defendant engaged in any of the conduct described in subsection (b)(1) regardless of whether the offense of conviction was for a substantive offense, aiding and abetting the commission of an offense, attempting to commit an offense, or conspiring to commit an offense.

(3) DETERMINATION OF WHETHER AN OFFENSE IS A "CRIME OF VIOLENCE".— In determining whether an offense is a "crime of violence," the focus of inquiry is on the conduct that the defendant committed, aided or abetted, counseled, commanded, induced, procured, or willfully caused during the commission of the offense, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. *See* subsection (a)(1)(A) of §1B1.3 (Relevant Conduct).

(4) SOURCES OF INFORMATION.—In making a prima facie showing that the offense is a "crime of violence," the government may only use the following sources of information from the record:

(A) The charging document.

(B) The jury instructions and accompanying verdict form.

(C) The plea agreement or transcript of colloquy between judge and defendant in which the factual basis of the guilty plea was confirmed by the defendant.

[(D) The judge's formal rulings of law or findings of fact.

(E) The judgment of conviction.

(F) Any explicit factual finding by the trial judge to which the defendant assented.]

(G) Any comparable judicial record of the sources described in paragraphs (A) through (F).

**Option 1 (Limiting Prior Convictions to Sentences Receiving Points under §4A1.1(a))**

  *[Suboption 1A (Limitation applicable to both "crime of violence" and "controlled substance offense"):*
  (c) TWO PRIOR FELONY CONVICTIONS.—The term "two prior felony convictions" means: (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under ~~the provisions of §4A1.1(a), (b), or (c)~~ §4A1.1(a) [or (b)]. The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*.]

  *[Suboption 1B (Limitation applicable only to "crime of violence"):*
  (c) TWO PRIOR FELONY CONVICTIONS.—The term "two prior felony convictions" means ~~(1)~~ the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense)~~, and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c)~~. The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*. For purposes of determining whether the defendant sustained at least two felony convictions of either a crime of violence or a controlled substance offense, use only: (1) any such felony conviction of a "controlled substance offense" that is counted separately under §4A1.1(a), (b), or (c); or (2) any such felony conviction of a "crime of violence" that is counted separately under §4A1.1(a) [or (b)].]

**Option 2 (Limiting Prior Convictions Through a Sentence-Imposed Approach):**

  *[Suboption 2A (Limitation applicable to both "crime of violence" and "controlled substance offense"):*
  (c) TWO PRIOR FELONY CONVICTIONS.—The term "two prior felony convictions" means: (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of

7

a controlled substance offense),~~;~~ and (2) ~~the sentences for~~ each of at least two of the aforementioned felony convictions (A) ~~is~~are counted separately under ~~the provisions of §4A1.1(a), (b), or (c)~~§4A1.1(a) [or (b)], and (B) resulted in a sentence imposed of [five years][three years][one year] or more. The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere.* For purposes of this provision, "***sentence imposed***" has the meaning given the term "sentence of imprisonment" in §4A1.2(b) and Application Note 2 of the Commentary to §4A1.2. The length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release, regardless of when the revocation occurred.

[A conviction shall not qualify as a prior felony conviction under this provision if the defendant can establish that the conviction resulted in a sentence for which the defendant served less than [three years] [two years][six months] in prison.]]

**[Suboption 2B (Limitation applicable only to "crime of violence"):**
(c)  TWO PRIOR FELONY CONVICTIONS.—The term "two prior felony convictions" means ~~(1)~~ the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense)~~, and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c)~~. The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere.* For purposes of determining whether the defendant sustained at least two felony convictions of either a crime of violence or a controlled substance offense, use only: (1) any such felony conviction of a "controlled substance offense" that is counted separately under §4A1.1(a), (b), or (c); or (2) any such felony conviction of a "crime of violence" that (A) is counted separately under §4A1.1(a) [or (b)], and (B) resulted in a sentence imposed of [five years][three years][one year] or more. For purposes of this provision, "***sentence imposed***" has the meaning given the term "sentence of imprisonment" in §4A1.2(b) and Application Note 2 of the Commentary to §4A1.2. The length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release, regardless of when the revocation occurred.

[A conviction of a crime of violence shall not qualify as a prior felony conviction under this provision if the defendant can establish that the

conviction resulted in a sentence for which the defendant served less than [three years] [two years] [six months] in prison.]]

**[Option 3 (Limiting Prior Convictions Through a Time-Served Approach):**

*[Suboption 3A (Limitation applicable to both "crime of violence" and "controlled substance offense"):*
(c)  TWO PRIOR FELONY CONVICTIONS.—The term "two prior felony convictions" means: (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense)~~,~~; and (2) ~~the sentences for~~each of at least two of the aforementioned felony convictions (A) ~~is~~are counted separately under ~~the provisions of §4A1.1(a), (b), or (c)~~§4A1.1(a) [or (b)], and (B) resulted in a sentence for which the defendant served [five years][three years][one year] or more in prison. The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*.]

*[Suboption 3B (Limitation applicable only to "crime of violence"):*
(c)  TWO PRIOR FELONY CONVICTIONS.—The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense)~~, and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c)~~. The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*. For purposes of determining whether the defendant sustained at least two felony convictions of either a crime of violence or a controlled substance offense, use only: (1) any such felony conviction of a "controlled substance offense" that is counted separately under §4A1.1(a), (b), or (c); or (2) any such felony conviction of a "crime of violence" that (A) is counted separately under §4A1.1(a) [or (b)], and (B) resulted in a sentence for which the defendant served [five years][three years][one year] or more in prison.]

~~(e)  ADDITIONAL DEFINITIONS.—~~

~~(1)  FORCIBLE SEX OFFENSE. "*Forcible sex offense*" includes where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced.~~

9

~~The offenses of sexual abuse of a minor and statutory rape are included only if the sexual abuse of a minor or statutory rape was (A) an offense described in 18 U.S.C. § 2241(c) or (B) an offense under state law that would have been an offense under section 2241(c) if the offense had occurred within the special maritime and territorial jurisdiction of the United States.~~

~~(2) EXTORTION. "*Extortion*" is obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury.~~

~~(3) ROBBERY. "*Robbery*" is the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. The phrase "actual or threatened force" refers to force that is sufficient to overcome a victim's resistance.~~

(4d) PRIOR FELONY CONVICTION.—"*Prior felony conviction*" means a prior adult ~~federal or state~~ conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (*e.g.*, a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).

Commentary

Application ~~Notes~~Note:

~~1. Further Considerations Regarding "Crime of Violence" and "Controlled Substance Offense".—For purposes of this guideline—~~

~~Unlawfully possessing a listed chemical with intent to manufacture a controlled substance (21 U.S.C. § 841(c)(1)) is a "controlled substance offense."~~

~~Unlawfully possessing a prohibited flask or equipment with intent to manufacture a controlled substance (21 U.S.C. § 843(a)(6)) is a "controlled substance offense."~~

~~Maintaining any place for the purpose of facilitating a drug offense (21 U.S.C. § 856) is a "controlled substance offense" if the offense of conviction established that the underlying offense (the offense facilitated) was a "controlled substance offense."~~

~~Using a communications facility in committing, causing, or facilitating a drug offense (21 U.S.C. § 843(b)) is a "controlled substance offense" if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a "controlled substance offense."~~

~~A violation of 18 U.S.C. § 924(c) or § 929(a) is a "crime of violence" or a "controlled substance offense" if the offense of conviction established that the underlying offense was a "crime of violence" or a "controlled substance offense". (Note that in the case of a prior 18 U.S.C. § 924(c) or § 929(a) conviction, if the defendant also was convicted of the underlying offense, the sentences for the two prior convictions will be treated as a single sentence under §4A1.2 (Definitions and Instructions for Computing Criminal History).)~~

2. ~~**Offense of Conviction as Focus of Inquiry.**—Section 4B1.1 (Career Offender) expressly provides that the instant and prior offenses must be crimes of violence or controlled substance offenses of which the defendant was convicted. Therefore, in determining whether an offense is a crime of violence or controlled substance for the purposes of §4B1.1 (Career Offender), the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry.~~

3. ~~**Applicability of §4A1.2.**—The provisions of §4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under §4B1.1.~~

4. ~~**Upward Departure for Burglary Involving Violence.**—There may be cases in which a burglary involves violence, but does not qualify as a "crime of violence" as defined in §4B1.2(a) and, as a result, the defendant does not receive a higher offense level or higher Criminal History Category that would have applied if the burglary qualified as a "crime of violence." In such a case, an upward departure may be appropriate.~~

1. **Conduct Constituting Robbery and Extortion Offenses.**—The Commission anticipates that subsection (b)(1)(A) will be sufficient to include as crimes of violence conduct that would constitute most robbery and extortion offenses that involve violence. Subsections (b)(1)(C) and (b)(1)(D) are included to provide clarity and ease of application.

**Background:** Section 4B1.2 defines the terms "crime of violence," "controlled substance offense," and "two prior felony convictions." Prior to [amendment year], to determine if an offense met the definition of "crime of violence" or "controlled substance offense" in §4B1.2, courts used the categorical approach and the modified categorical approach, as set forth in Supreme Court jurisprudence. *See, e.g.*, *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005); *Descamps v. United States*, 570 U.S. 254 (2013); *Mathis v. United States*, 579 U.S. 500 (2016). These Supreme Court cases, however, involved statutory provisions (*e.g.*, 18 U.S.C. § 924(e)) rather than guideline provisions.

In [amendment year], the Commission amended §4B1.2 to eliminate the use of the categorical approach and modified categorical approach established by Supreme Court jurisprudence for purposes of determining whether an offense is a "crime of violence" or a "controlled substance offense" in §4B1.2. *See* USSG App. C, Amendment [__] (effective [Date]). Section 4B1.2 provides a list of the federal drug statutes that qualify as a "controlled substance offense." The approach set out in the guideline for determining whether an offense of conviction is a "crime of violence" allows a court to consider the conduct of the defendant underlying the offense of conviction. The approach set forth by this guideline requires the court to consider the defendant's own conduct and conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused. The government must make a prima facie showing that an offense of conviction is a "crime of violence" only by using the limited list of sources of information, commonly referred to as the "*Shepard* documents," that Supreme Court jurisprudence has determined is permissible to determine whether a conviction fits within the definition of a particular category of crimes.